**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IRIS BOLING, JOHN GORDON, and KARI
PROSKIN, on behalf of a class and all
others similarly situated

                   Plaintiffs,

v.

TZUMI INNOVATIONS, LLC,

                  Defendant.

1:22-CV-05919
(JSR)

**PROTECTIVE ORDER**

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of
confidentiality, and the Court having found that good cause exists
for issuance of an appropriately tailored confidentiality order
governing the pre-trial phase of this action, it is therefore
hereby

ORDERED that any person subject to this Order -- including
without limitation the parties to this action, their
representatives, agents, experts and consultants, all third
parties providing discovery in this action, and all other
interested persons with actual or constructive notice of this Order
-- shall adhere to the following terms, upon pain of contempt:

1.  Any person subject to this Order who receives from any
other person any "Discovery Material" (i.e., information of any
kind provided in the course of discovery in this action) that is

1

designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.   The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a)  previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)  previously nondisclosed material relating to ownership or control of any non-public company;

(c)  previously nondisclosed business plans, product development information, or marketing plans;

(d)  any information of a personal or intimate nature regarding any individual; or

(e)  any information that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information;

(f)  any information that contains information received in confidence from third parties;

(g)  any information the producing party otherwise

believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G); and

(h)  any other category of information hereinafter given confidential status by the Court.

3.   All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 6, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4.   With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and

if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure.

(e)  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)  stenographers engaged to transcribe depositions conducted in this action; and

(g)  the Court and its support personnel.

7.  Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.  All Confidential Discovery Material filed with the

Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion

whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently

Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14.  Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15.  As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16.  The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17.  This Protective Order shall survive the termination of the litigation.  Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any

obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

| **SILLS CUMMIS & GROSS P.C.**<br>101 Park Avenue, 28th Floor<br>New York, New York 10178<br>(212) 643-7000<br>*Attorneys for Defendant*<br>*Tzumi Innovations LLC* | **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>405 E 50th Street<br>New York, NY 10022<br>(630) 796-0903<br>*Attorneys for Plaintiffs Iris Boling, John Gordon, and Kari Proskin* |
|---|---|
| By:/s/ *Jeffrey J. Greenbaum*<br>　　Jeffrey J. Greenbaum, Esq.<br>　　William R. Tellado, Esq.<br>　　Katherine Lieb, Esq.<br><br>Dated:  November 11, 2022 | **By:**/s/ *Russell Busch*<br>　　　Russell Busch<br><br><br>Dated:  November 11, 2022 |

**SO ORDERED.**

_____

JED S. RAKOFF, U.S.D.J.

Dated:　　New York, New York
　　　　　　11/11/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IRIS BOLING, JOHN GORDON, and KARI
PROSKIN, on behalf of a class and all
others similarly situated

                      Plaintiffs,

v.

TZUMI INNOVATIONS, LLC,

                      Defendant.

1:22-CV-05919 (JSR)

**<u>NON-DISCLOSURE AGREEMENT</u>**

---

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____

10