# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS BOLING, JOHN GORDON, and KARI PROSKIN on behalf of a class of all others similarly situated,<br><br>               PLAINTIFFS,<br><br>      - v. -<br><br>TZUMI INNOVATIONS, LLC,<br><br>             DEFENDANT. | Case No. 1:22-cv-05919-JSR |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Russell Busch (6329500)
J. Hunter Bryson
Zoe T. Aaron
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
rbusch@milberg.com
hbryson@milberg.com
zaaron@milberg.com

Nick Suciu III
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

Rachel Soffin
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel: 865-247-0080
rsoffin@milberg.com

Trenton R. Kashima
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
401 West C St., Suite 1760
San Diego, CA 92101
Tel: (308) 870-7804
tkashima@milberg.com

Joel Smith
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel.: (925) 300-4455
jsmith@bursor.com

**<u>TABLE OF CONTENTS</u>**

**PAGE(S)**

INTRODUCTION .................................................................................................................1

SUMMARY OF THE LITIGATION AND SETTLEMENT.............................................2

I.    PROCEDURAL HISTORY OF THE LITIGATION.................................................2

II.   SUMMARY OF KEY TERMS OF THE PROPOSED SETTLEMENT ............................3

      A.    Relief to Class Members ........................................................................3

      B.    Class Notice and Settlement Administration ........................................5

      C.    Objection And Exclusionary Provisions ................................................5

      D.    Release Provisions .................................................................................5

      E.    Service Awards and Attorneys' Fees and Expenses .............................6

ARGUMENT .......................................................................................................................7

I.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS
APPROPRIATE.................................................................................................7

      A.    Rule 23(e)(2)(A): Adequate Representation ........................................9

      B.    Rule 23(e)(2)(B): Arm's Length Negotiation ....................................10

      C.    Rule 23(e)(2)(C): The Relief Provided ..............................................10

      D.    Rule 23(e)(2)(D): Equitable Treatment of Class Members ...............13

II.   CONDITIONAL CERTIFICATION OF THE RULE 23 CLASS IS APPROPRIATE ...14

      A.    The Proposed Settlement Class Meets the Requirements of Rule 23(a) ...............14

           1.    Numerosity..................................................................................14

           2.    Commonality................................................................................14

           3.    Typicality ...................................................................................15

           4.    Adequacy ...................................................................................15

      B.    The Proposed Settlement Class Meets The Requirements Of Rule 23(b)(3) ........16

           1.    Predominance...............................................................................16

           2.    Superiority...................................................................................17

III.  PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL ..........17

IV.  THE PROPOSED NOTICE PLAN SHOULD BE APPROVED.....................................18

      A.    The Content Of The Proposed Class Notice Complies With Rule 23(c)(2) ..........18

      B.    The Plan for Distribution Of Notice Will Comply With Rule 23(c)(2).................19

CONCLUSION....................................................................................................................19

# TABLE OF AUTHORITIES

**PAGE(S)**

Other Authorities

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ...................................................................................... 17

*Buffington v. Progressive Advanced Ins. Co.*,
  342 F.R.D. 66 (S.D.N.Y. 2022) ..................................................................... 15

*Carson v. Am. Brands, Inc.*,
  450 U.S. 79 (1981) .......................................................................................... 8

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974) ........................................................................... 8

*Cleveland v. Whirlpool Corp.*,
  No. 20-CV-1906 (WMW/JFD), 2022 WL 2256353 (D. Minn. June 23, 2022) ...................... 10

*Ebin v. Kangadis Food Inc.*,
  297 F.R.D. 561 (S.D.N.Y. 2014) .......................................................... 10, 14, 15, 16

*George v. Shamrock Saloon II, LLC*,
  2021 WL 3188314 (S.D.N.Y. July 28, 2021) ............................................... 18

*Gordon v. Vanda Pharmaceuticals Inc.*,
  2022 WL 4296092 (E.D.N.Y. Sept. 15, 2022) ............................................. 13

*Guevoura Fund Ltd. v. Sillerman*,
  2019 WL 6889901 (S.D.N.Y. 2019) ................................................................ 7

*In re EVCI Career Colleges Holding Corp. Sec. Litig.*,
  No. 05-cv-10240 (CM), 2007 WL 2230177 (S.D.N.Y. July 27, 2007) ...................... 8

*In re GSE Bonds Antitrust Litig.*,
  414 F. Supp. 3d 686 (S.D.N.Y. 2019) .................................................... passim

*In re Petrobas Secs. Litig.*,
  2018 WL 4521211 (S.D.N.Y. Sept. 21, 2018) ................................................ 1

*In re Scotts EZ Seed Litig.*,
  304 F.R.D. 397 (S.D.N.Y. 2015) ............................................................ 14, 16

*Johnson v. Nextel Commc'ns, Inc.*,
  780 F.3d 128 (2d Cir. 2015) .......................................................................... 14

*Kaupelis v. Harbor Freight Tools USA. Inc.*,
    2022 WL 2288895 (C.D. Cal. Jan. 12, 2022) ................................................. 13

*Lowe v. NBT Bank, N.A.*,
    2022 WL 4621433 (N.D.N.Y. Sept. 30, 2022) ................................................. 14, 16

*Masters v. Wilhelmina Model Agency, Inc.*,
    473 F.3d 423 (2d Cir. 2007) ......................................................................... 12

*McLaughlin v. IDT Energy*,
    2018 WL 3642627 (E.D.N.Y. July 30, 2018) ................................................. 11

*Meredith Corp. v. SESAC, LLC*,
    87 F. Supp. 3d 650 (S.D.N.Y. 2015) ............................................................. 13

*Palacio v. E\*TRADE Fin. Corp.*,
    No. 10-cv-4030 (LAP) (DCF), 2012 WL 2384419 (S.D.N.Y. June 22, 2012) ......... 7

*Pearlstein v. BlackBerry Ltd.*,
    2022 WL 4554858 (S.D.N.Y. Sept. 29, 2022) ............................................... 10

*Roach v. T.L. Cannon Corp.*,
    778 F.3d 401 (2d Cir. 2015) ......................................................................... 16

*Spann v. AOL Time Warner, Inc.*,
    No. 02-cv-8238 (DLC), 2005 WL 1330937 (S.D.N.Y. June 7, 2005) ..................... 7

*TBK Partners, Ltd. v. Western Union Corp.*,
    517 F. Supp. 380 (S.D.N.Y. 1981) ............................................................... 11

*Trinidad v. Pret a Manger (UDS) Ltd.*,
    2014 WL 4670870 (S.D.N.Y. Sept. 19, 2014) ............................................... 12

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) ........................................................................... 7

## STATUTES

28 U.S.C. § 1715 ...........................................................................................19

## RULES

Fed. R. Civ. P. 23 .................................................................................. passim

## INTRODUCTION

Plaintiffs ask the Court for preliminary approval of a class action settlement, which was reached after hard-fought negotiations in mediation with the assistance of Hon. Garrett E. Brown, (Ret.), the former Chief Judge of the United States District Court for the District of New Jersey. This case involves allegations that Defendant Tzumi Innovations, Inc. marketed several types of wipes and a spray product for use as an antimicrobial agent on surfaces, including Wipe Out! Wipes, Wipe Out! Multi-Surface Wipes, and Wipe Out! Multi-Surface Decontaminant Spray (collectively, the "Products"), when in fact the U.S. Environmental Protection Agency had not approved them for that purpose. *See* FAC, ¶¶ 2-4, 16-17, 21-23.

The settlement is an excellent result for class members, providing a common fund of $2 million to pay for cash claims of class members, notice and settlement administration, attorneys' fees and costs, and service awards. The Products at issue here typically cost about $1.00 - $5.00 each. The Settlement Agreement allows Class Members to recover up to $15.00 per household with proof of purchase, and up to $6.00 per household without proof of purchase, subject to a *pro rata* adjustment if the number of claims exceeds the available funds. If on the other hand there is any residual amount left in the fund after payment of class member claims, class members may receive a *pro rata* increase of up to $50.00 per household for those who submit proof of purchase, and up to $25.00 per household for those who do not. Under no circumstances will any part of the $2 million fund revert back to Tzumi. If any funds remain after payment to class members, the parties will jointly seek the Court's approval to distribute the residual funds to one or more charitable *cy pres* recipients, to be selected later if the need arises. *See In re Petrobas Secs. Litig.*, 2018 WL 4521211, at *5 (S.D.N.Y. Sept. 21, 2018) (Rakoff, J.) (holding *cy pres* recipients may be identified after settlement approval and a determination that there are funds remaining for *cy*

*pres* distribution). Consistent with this Court's orders in other class settlements, the settlement calls for half of the attorneys' fees to be paid after the Effective Date (i.e., following final approval and expiration or resolution of any appeals), and the remaining half to be paid after the settlement funds have been fully distributed to class members, and to the extend needed, *cy pres* recipients.

## SUMMARY OF THE LITIGATION AND SETTLEMENT

### I.    PROCEDURAL HISTORY OF THE LITIGATION

This putative class action commenced on July 12, 2022, and involves three antimicrobial products that were sold at large retailers such as Home Depot and Dollar General: Wipe Out! Wipes, Wipe Out! Multi-Surface Wipes, and Wipe Out! Multi-Surface Decontaminant Spray. The gravamen of the allegations is that the products were marketed as being suitable for use as surface disinfectants, but they lacked the required registration under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), which regulates antimicrobial agents intended for use on inanimate surfaces as pesticides. FAC ¶¶ 21-24, 27-29, 33. Plaintiffs further allege that without the required registration, the Products were illegal to sell. *Id.* at ¶ 4.

A First Amended Complaint was filed on October 12, 2022, adding additional factual allegations and Plaintiffs from California and New York. *See generally* FAC (ECF No. 18). In the FAC, the Plaintiffs allege a putative nationwide class, a multi-state consumer protection class, and subclasses for California, New York, and Massachusetts purchasers. FAC, ¶ 53. Plaintiffs assert various common law and statutory claims under the laws of California, New York, and Massachusetts. *See id.* at ¶¶ 64-133.

On November 2, 2022, Tzumi moved to dismiss the FAC. *See generally* MTD, ECF No. 21. In addition to the pleading challenges, Tzumi asserted several potentially dispositive defenses, including lack of Article III standing and injury, the lack of a private right of action under FIFRA,

and the availability of legal remedies barring equitable relief.  *See generally id.*  Plaintiffs filed an opposition to the motion to dismiss on November 16, 2022.  *See* ECF No. 24. In addition to participating in this motion practice, Plaintiffs and their Counsel prepared responses to Defendant's interrogatories and document requests, gathered responsive documents to be served to Defendant, subpoenaed third party retailers and met and conferred with subpoena recipients, and researched damages and causation issues.

Following motion practice and discovery, the parties began discussing the possibility of a classwide settlement in late October, and agreed to schedule a mediation with Hon. Garrett E. Brown (Ret.).  After engaging in preliminary settlement negotiations, the parties spent a full day in mediation with Judge Brown on November 21, 2022.  The parties in large part agreed to settlement terms during that mediation, although Judge Brown continued to help resolve a few remaining disputes on material terms during the next few days.  The parties then obtained three competing bids from class settlement administration companies, and jointly selected the company that they believed would provide a robust notice program at a competitive price.  A final long-form settlement agreement was executed on or around December 21, 2022.

## II.    SUMMARY OF KEY TERMS OF THE PROPOSED SETTLEMENT

### A.    Relief to Class Members

Tzumi will pay a total of $2,000,000 in cash into a Settlement Fund for payment of: approved claims for cash benefits submitted by settlement class members; the notice and other administrative costs; attorneys' fees and expenses; and service awards to the named Plaintiffs. Class members may file a claim for cash payments, and may also select from one of four options

for payment: check, Zelle Quick Pay, PayPal, or an electronic gift card.  See Exhibit 1, Declaration of Rachel Soffin ("Soffin Decl."), at Exhibit 1.1 (Settlement Agreement), §§ 2.1, 2.4.[1]

The amount that each class member may recover depends on two things: (1) whether a class member has proof of purchase, and (2) the total amount of claims made by class members. Class members who provide proof of purchase will be eligible for up to $3.00 per purchased Class Products, subject to a cap of $15.00 per household, and subject to *pro rata* adjustment if the claims exceed the amount made available in the Settlement Fund.  *Id.* at § 2.2.2; *see also id.* § 2.2.6.1. Class Members without proof of purchase will be entitled to submit a claim for $2 per purchased Class Products subject to a cap of $6.00 per household, and subject to *pro rata* adjustment if the claims exceed the amount made available in the Settlement Fund.  *Id.* at § 2.2.3.

However, if the total amount of claims submitted by Class Members, plus notice and administration, attorneys' fees and expenses, and service awards is lower than the settlement fund, payments to the Class Members shall be increased *pro rata*.  *Id.* at § 2.2.6.2.  In that situation, class members who submit a claim with proof of purchase will have a *pro rata* increase of up to $50.00 per household, and class members who submit a claim without proof of purchase will have a *pro rata* increase of up to $25.00 per household.  *Id.* If any funds remain after such a *pro rata* increase, then the residual will be distributed on a *cy pres* basis to one or more charities to be selected by the parties if a *cy pres* distribution becomes necessary, and subject to approval from the Court.  *Id.* Any uncleared checks may also be subject to a *cy pres* distribution.  *Id.* § 2.3.  The Settlement Agreement does not include any provision permitting a reversion of Settlement Funds back to Tzumi.

---

[1] All exhibits referenced in this brief are attached to the supporting declaration of Rachel Soffin filed with this motion.

### B.    Class Notice and Settlement Administration

After taking competitive bids from three settlement administration companies, the parties selected Angeion Group to provide notice and administer claims.   The administrator will disseminate notice using internet banner notice, press releases, or other means reasonably calculated to achieve no less than 80% reach.  Exhibit 1 (Soffin Decl.), at Exhibit 1.1, (Settlement Agreement), §§ 1.6, 4.1.2.  Class members will be able to submit claims that are substantially in the form attached as Exhibit A to Exhibit 1.1 (Settlement Agreement), and Notice will be substantially in the form attached as Exhibits B and C to Exhibit 1.1 (Settlement Agreement).  *See* Exhibit 1 (Soffin Decl.), at Exhibits A-C to Exhibit 1.1 (Settlement Agreement).  The claims administrator will also create a settlement website for receiving online claims submissions, providing notice, and making relevant documents concerning the case and the proposed settlement available to class members.  *Id.* at §§ 1.34, 4.1.1, 4.2.

### C.    Objection And Exclusionary Provisions

Unless otherwise ordered by the Court, class members will have 45 days to submit an objection or request exclusion.  Exhibit 1 (Soffin Decl.), at Exhibit 1.1 (Settlement Agreement), § 7.4.  Plaintiffs will provide a list of class members who excluded themselves one week before the final approval hearing.  *Id.* at § 5.2.

### D.    Release Provisions

The "Released Parties" in the Settlement Agreement is defined as follows:

Tzumi Innovations, LLC, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, divisions, licensors, licensees, associates, affiliates, employers, agents, related business entities, consultants, independent contractors, insurers, and customers, including without limitation, all of its or their respective current, future, or former employees of the foregoing, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors,

investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

Exhibit 1 (Soffin Decl.), at Exhibit 1.1 (Settlement Agreement), § 1.26.

The Settlement Agreement's release provision states as follows:

Effective as of the Effective Date, each the Releasing Parties, including each and all of the Settlement Class Members who did not opt out, as well as each Named Plaintiff, will release all the Released Parties, including the Defendant and any and all of its current, former, and future parents, predecessors, successors, affiliates, assigns, subsidiaries, divisions, licensors, licensees, associates, employers, agents, related corporate and business entities, heirs, estates, trustees, administrators, executors, insurers, attorneys, and customers, and all of their respective current, future, and former employees, officers, directors, managing directors, principals, shareholders, partners, members, assigns, agents, attorneys, accountants, financial and other advisors, underwriters, lenders, auditors, investment advisors, legal representatives, companies, firms, trusts, and corporations, from any and all causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, attorneys' fees (except as provided for in the Class Settlement), and all other legal responsibilities in any form or nature, including but not limited to all claims relating to or arising out of state, local, territorial, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way related to the allegations in the action.

*Id.* at § 6.1.

### E.    Service Awards and Attorneys' Fees and Expenses

The Notice informs the Class that the three named Plaintiffs shall seek a service award of $2,500 each.  Exhibit 1 (Soffin Decl.), at Exhibit 1.1 (Settlement Agreement), § 3.3.  This payment shall be compensation and consideration for the time devoted by them in prosecuting this Action and procuring a benefit for the class members.  Among other things, the named Plaintiffs reviewed drafts of the complaints before filing, responded to Defendant's interrogatories and document requests, gathered and provided responsive documents to their counsel, kept abreast of the case progress, and reviewed and authorized entry into the Settlement.

For their services rendered on behalf of the class members, Plaintiffs' counsel intends to seek an attorneys' fee award and expenses not to exceed $666,666 (approximately one third of the

Settlement Fund).  *Id.* at § 3.1.  Based on a review of this Court's past orders concerning class settlements, the parties agreed that, if the Court awards fees, 50% will be payable within fourteen days after the Effective Date, and the other 50% will be payable after settlement funds have been fully distributed to the class and any necessary *cy pres* distributions have been made pursuant to Section 2.2.6.2 of the Settlement Agreement.  *Id.* at § 3.2.  In accord with Fed. R. Civ. P. 23(h)'s requirements, the motion for fees and service awards will be filed approximately one month before the objection deadline and several months before the final approval hearing, thereby providing the requisite opportunity for class members to object to the fee or service award request.  *See Guevoura Fund Ltd. V. Sillerman*, 2019 WL 6889901, at *13 (S.D.N.Y. 2019) (fee motion provided reasonable time for objection when it was filed one month before the objection deadline and two months before the scheduled final approval hearing).

## ARGUMENT

## I.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

The law favors settlement, particularly in class actions and other complex cases because they tie up substantial judicial resources, use up the parties' time and money, and in such cases, litigated resolution is usually significantly delayed.  *Palacio v. E*TRADE Fin. Corp.*, No. 10-cv-4030 (LAP) (DCF), 2012 WL 2384419, at *2 (S.D.N.Y. June 22, 2012) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)); *see also Spann v. AOL Time Warner, Inc.*, No. 02-cv-8238 (DLC), 2005 WL 1330937, at *6 (S.D.N.Y. June 7, 2005) ("[P]ublic policy favors settlement, especially in the case of class actions"); 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* (*Fourth*) (2002) § 11:41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").  Due to the presumption in favor of settlement, and "[a]bsent fraud or collusion," courts "should be hesitant to substitute [their]

judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-cv-10240 (CM), 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007). More explicitly, the Supreme Court has cautioned that in reviewing a proposed class settlement, courts should "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981).

At this juncture, the Court need not determine whether the settlement should ultimately be approved. Instead, the question is whether the settlement is "within the range of possible approval." *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). If so, the Court should then order that the Class be notified of the Settlement and given an opportunity to be heard and that the Settlement Hearing be held. *See Manual for Complex Litigation (Second)* § 40.42 (1985).

Rule 23(e) was recently amended to, among other things, specify that the crux of a court's preliminary approval evaluation is whether notice should be provided to the class given the likelihood that the court will be able to finally approve the settlement, after considering the required factors enumerated in Rule 23(e)(2), and be able to certify the class. Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e)(2) provides that a court may approve a proposed settlement that would bind class members "only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether":

(A) class representatives and counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

  (i) the costs, risks, and delay of trial and appeal;

  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

  (iii) the terms of any proposed award of attorney's fees, including timing of

payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).  The proposed settlement here satisfies these factors.

## A.    Rule 23(e)(2)(A): Adequate Representation

The named Plaintiffs and their Counsel have zealously prosecuted this Action on behalf of the class since its inception and will continue to do so throughout the administration of the Settlement to secure and deliver its benefits.  The named Plaintiffs were active and informed participants in the litigation, having reviewed the complaints, responded to discovery requests, kept abreast of the litigation, and reviewed and authorized the Settlement.   Counsel likewise invested time and resources understanding of the facts of the case and merits of the claims through (i) a review of publicly available information regarding the claims at issue here; (ii) briefing on Defendant's motion to dismiss; (iii) responding to Defendant's discovery requests; (iv) issuing subpoenas and meeting with subpoena recipients; and (v) researching damages and causation issues.

Plaintiffs also respectfully submit that they have retained counsel who are qualified, experienced and fully capable of prosecuting this litigation on behalf of the Class. The involvement of "experienced, capable counsel" gives the resulting agreement a "presumption of correctness." *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 575 (S.D.N.Y. 2008) (internal quotation marks omitted).  Milberg and Bursor & Fisher have proven track records in the prosecution of complex class actions nationwide.  The most up-to-date firm resumes for both firms are attached as Exhibits 1.2 and 1.3 to the supporting Soffin Declaration.  *See* Soffin Decl. (Exhibit 1), at Exhibits 1.2 and 1.3 (Firm Resumes). This Court has in the past found Bursor & Fisher, P.A. to "have experience litigating consumer claims, noting that it "has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class

action jury trials since 2008." *Ebin v. Kangadis Food Inc.,* 297 F.R.D. 561, 566 (S.D.N.Y. 2014) (Rakoff, J.). Milberg also has extensive experience and success in litigating consumer class actions and has been recognized by numerous courts. *See e.g. Cleveland v. Whirlpool Corp.*, No. 20-CV-1906 (WMW/JFD), 2022 WL 2256353 (D. Minn. June 23, 2022); *Hamm v. Sharp Electronics Corp.*, No. 5:19-cv-00488, ECF No. 62 (M.D. Fla. Jan. 7, 2021); *Ellen Berman, et al. v. General Motors LLC*, Case No. 2:18-cv-14371, ECF No. 161 (S.D. Fla. Nov. 18, 2019). Accordingly, class members have been, and remain, well represented.

### B.    Rule 23(e)(2)(B): Arm's Length Negotiation

As this Court has held, "if a class settlement is reached through arm's-length negotiations between experienced, capable counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness. Further, a mediator's involvement in settlement negotiations can help demonstrate their fairness." *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 693 (S.D.N.Y. 2019) (Rakoff, J.) (internal quotations and citations omitted). Both elements are satisfied here. Plaintiffs are represented by two firms that practice almost exclusively in class actions, and Tzumi is likewise represented by counsel who is knowledgeable and experienced in class litigation. Furthermore, the settlement was reached as a result of a full-day mediation presided over by Judge Hon. Garrett E. Brown, (Ret.).

### C.    Rule 23(e)(2)(C): The Relief Provided

The class relief described in Section II.B.1 above is fair and within the range of possible approval, particularly when weighed against the factors listed in Rule 23(e)(2)(C). First, "[C]lass action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation." *Pearlstein v. BlackBerry Ltd.*, 2022 WL 4554858, at *3 (S.D.N.Y. Sept. 29, 2022). As such, courts have consistently held

that unless the proposed settlement is clearly inadequate, its acceptance and approval are preferable to the continuation of lengthy and expensive litigation with uncertain results. *TBK Partners, Ltd. v. Western Union Corp.*, 517 F. Supp. 380, 389 (S.D.N.Y. 1981), *aff'd,* 675 F.2d 456 (2d Cir. 1982).

Absent settlement, the parties and the Court would have to address the numerous and potentially dispositive issues raised in Tzumi's motion to dismiss. If the Court denied that motion, the parties would then turn their attention to resolving discovery disputes, taking depositions, retaining expert witnesses, and litigating through class certification, summary judgment, and trial. That would be a costly and time-consuming process for the Parties and the Court, and would create a risk that a class would not be certified and/or that class members would recover nothing at all. *McLaughlin v. IDT Energy*, 2018 WL 3642627, at *10 (E.D.N.Y. July 30, 2018) (finding settlement approval favored where "the parties would likely need to brief motions for class certification, summary judgment, and potentially proceed to trial"). As this Court has correctly noted, "[i]nterlocutory appeals may arise after the Court's class certification decision, generating lengthy delays." *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 693–94. "Finally, even if plaintiffs were to prevail at trial, post-trial motions and the potential for appeal could prevent the class members from obtaining any recovery for several years, if at all." *Id.* (internal quotations omitted).

<u>Second</u>, Rule 23(e)(2)(C)(ii) requires courts to examine "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." *Id.* at 694. Furthermore,

while the plan of allocation "must be fair and adequate," it "need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Id.*

Here, the parties have hired and consulted with a reputable and experienced claims administration company, Angeion Group, to implement a notice program "reasonably calculated to achieve no less than 80% reach." Exhibit 1 (Soffin Decl.), at Exhibit 1.1 (Settlement Agreement), § 4.1.2. The claim form is simple and encourages class members to file claims by offering several convenient options for receiving payments electronically, or by check if they prefer. *See* Exhibit 1 (Soffin Decl.), at Exhibit A (Claim Form), at § 2.2.4. The claims processing method includes reasonable requirements to deter unjustified claims: namely, a proof of purchase or an attestation describing the approximate date and location where the class member purchased the Products. *See id.* at §§ 2.2.2-2.2.3.

Third, the attorney fee provision permits counsel to seek an award of fees and costs no more than $666,666, which is one-third the total value of the settlement fund. This amount is "well within the applicable range of reasonable percentage funds awards." *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 696; *see also, e.g.*, *Trinidad v. Pret a Manger (UDS) Ltd.*, 2014 WL 4670870, at *11 (S.D.N.Y. Sept. 19, 2014) ("[A]warding fees of 33% is common in this district."); *Hernandez v. Uzzal Pizzeria, Inc.*, 2022 WL 1032522, at *1 (S.D.N.Y. Apr. 6, 2022) (same). In the Second Circuit, an award of attorneys' fees is based on "the total funds made available, whether claimed or not" because "[t]he entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class." *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007). Therefore, the fee award sought does not weigh against preliminary approval.

Fourth, Rule 23(e)(2)(C)(iv) requires courts to consider "any agreement required to be identified by Rule 23(e)(3)," that is, "any agreement made in connection with the proposal." Here, however, there are no other agreements made in connection with the parties' settlement proposal, other than the Settlement Agreement and its exhibits provided with this motion. There are no undisclosed side agreements between the parties or with third parties.

### D.    Rule 23(e)(2)(D): Equitable Treatment of Class Members

The final Rule 23(e)(2) factor turns on whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), 2018 Advisory Committee Notes.

Here, the only distinction made between class members is the amount of relief available to those who have proof of purchase and those who do not. However, this is a common distinction in class action settlements involving consumer products. As one district court explained, the distinction accounts for the fact that class members without proof of purchase have "substantially weaker claims because of the additional difficulty they would face in proving that they did in fact purchase a Class Product." *Kaupelis v. Harbor Freight Tools USA. Inc.*, 2022 WL 2288895, at *7 (C.D. Cal. Jan. 12, 2022). Thus, "the different forms of relief are justified and equitable." *Id. Pro rata* adjustments to account for the number of claims made are also equitable. *See Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 667 (S.D.N.Y. 2015) (finding that a *pro rata* distribution plan "appears to treat the class members equitably . . . and has the benefit of simplicity"); *Gordon v. Vanda Pharmaceuticals Inc.*, 2022 WL 4296092, at *5 (E.D.N.Y. Sept. 15, 2022) (finding class

members were treated equally where "all class members will be subject to the same formula for the distribution of the fund") (cleaned up).

## II.    CONDITIONAL CERTIFICATION OF THE RULE 23 CLASS IS APPROPRIATE

"[T]o preliminary approve the settlement proposal[], the Court must also find that it will likely be able to certify the class for purposes of judgment on the proposal." *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 699-700. "A court may certify a class for settlement purposes where the proposed settlement class meets the requirements for Rule 23(a) class certification, as well as one of the three subsections of Rule 23(b)." *Id.* This Court certified a class in a product mislabeling case akin to this one, *see Ebin*, 297 F.R.D. at 565, and it will just as likely be able to certify the settlement class under the governing standards for the reasons set out below.

### A.    The Proposed Settlement Class Meets the Requirements of Rule 23(a)

#### 1.    Numerosity

Numerosity is satisfied when the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Publicly available information, as well as information disclosed in litigation, shows that millions of the Class Products were distributed in the United States. *See* ECF No. 22-3, at ¶ 10(c), (f), and (g) (describing sales volume of the Products). Numerosity is therefore met. *Lowe v. NBT Bank, N.A.*, 2022 WL 4621433, at *4 (N.D.N.Y. Sept. 30, 2022) ("Numerosity is presumed at a level of 40 members.") (cleaned up).

#### 2.    Commonality

"Commonality is satisfied where a single issue of law or fact is common to the class." *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 405 (S.D.N.Y. 2015). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Johnson v. Nextel Commc'ns, Inc.*, 780 F.3d 128, 137 (2d Cir. 2015). Here,

the commonality requirement is likely met because there are a range of common questions, including, among others, whether the Products at issue were misleadingly labeled; whether Tzumi knew or intended the labeling to be misleading; whether Tzumi breached warranties; and the proper measure of damages. *See Ebin*, 297 F.R.D. at 565 (holding that similar questions supported the commonality requirement).

### 3. Typicality

Fed. R. Civ. P. 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "Minor variations in the fact patterns underlying individual claims do not preclude a finding of typicality when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented." *Buffington v. Progressive Advanced Ins. Co.*, 342 F.R.D. 66, 72 (S.D.N.Y. 2022) (cleaned up). Here, "[P]laintiffs' and other class members' claims ar[o]se out of the same course of conduct by the defendant and [were] based on the same legal theories": Defendant's manufacture and distribution of misleadingly labeled products. *Ebin*, 297 F.R.D. at 565-66. Accordingly, typicality is satisfied.

### 4. Adequacy

"Generally, adequacy of representation entails an inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced, and able to conduct the litigation." *Id*. at 566 (internal quotation omitted). As for the plaintiffs, all have demonstrated their commitment to pursue these claims on behalf of class members by responding to written discovery requests, by reviewing the complaints before they were filed, and by working closely with their attorneys. Likewise, both firms representing the Plaintiffs in this action are qualified and experienced class action litigators. *See*

*Ebin*, 297 F.R.D. at 567 (holding Bursor & Fisher, P.A. satisfied Rule 23(a)(4)'s adequacy requirement). Milberg also has a proven track record in the prosecution of complex class actions nationwide. *See* Exhibit 1 (Soffin Decl.), at Exhibits 1.2 and 1.3 (Firm Resumes). Plaintiffs' Counsel has vigorously prosecuted this action and will continue to do so throughout its pendency.

## B. The Proposed Settlement Class Meets The Requirements Of Rule 23(b)(3)

Rule 23(b)(3) requires that common questions of law "predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Both predominance and superiority are met here.

### 1. Predominance

"Predominance is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (internal quotations omitted). "Satisfaction of Rule 23(a) [as Plaintiffs have done here] goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality." *Lowe*, 2022 WL 4621433, at *6 (cleaned up). This Court and many other courts have found that predominance is satisfied in cases alleging uniform misrepresentations on product labeling. *See, e.g., Ebin*, 297 F.R.D. at 568 (predominance satisfied where "every class member saw the same representation" on the product packaging); *In re Scotts EZ Seed Litig.*, 304 F.R.D. at 409-410 (certifying several of the same causes of action asserted here in an action challenging misleading product labeling). Hence, the predominance test is likely met here.

### 2.    Superiority

Fed. R. Civ. P. 23(b)(3) sets forth a non-exclusive list of relevant factors for the superiority analysis, including whether individual class members wish to bring, or have already brought, individual actions; and the desirability of concentrating the litigation of the claims in the particular forum.[2]  "Here, the large size of the class and potentially small recovery of many individual plaintiffs suggests that class members' interests are likely served by a class action."  *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 702.  "Further, concentrating the case in one forum will help improve fairness and efficiency in adjudication of the claims of plaintiffs, who are widely dispersed."  *Id.*

## III.    PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Under Rule 23, "a court that certifies a class must appoint counsel … [who] must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  In making this determination, the Court considers proposed Class Counsel's: (i) work in identifying or investigating the potential claim, (ii) experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (iii) knowledge of the applicable law, and (iv) resources that it will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

As discussed above, proposed Class Counsel has extensive experience in prosecuting consumer class actions like this one.  And, as a result of their efforts in this case, proposed Class Counsel has made substantial monetary relief available for members.  Thus, the Court should

---

[2] Another factor, whether the case would be manageable as a class action at trial, is not of consequence in the context of a proposed settlement.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial").

appoint the law firms of Milberg Coleman Bryson Phillips Grossman, PLLC and Bursor & Fisher, P.A. as co-class counsel.

## IV.    THE PROPOSED NOTICE PLAN SHOULD BE APPROVED

### A.    The Content Of The Proposed Class Notice Complies With Rule 23(c)(2)

For notice to be satisfactory, the notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). "Class notice need only describe the terms of the settlement generally, which is a minimal requirement." *George v. Shamrock Saloon II, LLC*, 2021 WL 3188314, at *7 (S.D.N.Y. July 28, 2021) (cleaned up).

Here, the Notice provides detailed information about the Settlement, including: (i) a summary of its terms; (ii) counsel's intent to request attorneys' fees, reimbursement of expenses, and incentive awards for the class representatives; and (iii) information about the released claims. Exhibit 1 (Soffin Decl.), at Exhibit B and C to Exhibit 1.1 (Settlement Agreement). In addition, the Notice will provide information about the date of the final approval hearing, the right of Class Members to seek exclusion from the Class or to object to the proposed Settlement (as well as the deadlines and procedure for doing so), and the procedure to receive additional information. *Id.* This information is adequate to put class members on notice of the proposed Settlement and is well within the requirements of Fed. R. Civ. P. 23(c)(2)(B). *See George*, 2021 WL 3188314, at *7 (approving similar notice form and collecting cases that have done the same).

18

**B.        The Plan for Distribution Of Notice Will Comply With Rule 23(c)(2)**

Under Rule 23(b)(3), the Court is required to "direct to class members the best notice that is practicable under the circumstance[s]."  In a case like this, "[n]otice may be made by United States mail, electronic means, or other appropriate means.  The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness."  *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 702 (internal quotation omitted).  The parties have agreed to retain a reputable and experienced settlement administrator to disseminate notice using internet banner notice, press releases, or other means reasonably calculated to achieve no less than 80% reach.  Exhibit 1 (Soffin Decl), at Exhibit 1.1 (Settlement Agreement), §§ 1.6, 4.1.2.  In addition, the administrator will establish a settlement website that shall contain all salient settlement documents, as well as access to important Court documents, upcoming deadlines, and the ability to file claim forms online.  *Id.* at §§ 1.34, 4.1.1, 4.2.  The administrator also will provide notice of the Settlement to the appropriate state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715.  *Id.* at § 1.17, 7.4.  In sum, the proposed methods for providing notice to the Class comports with both Fed. R. Civ. P. 23 and Due Process, and should be approved by the Court.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully ask the Court to grant their Motion for Preliminary Approval of the Settlement.

Dated: December 22, 2022                            Respectfully submitted,

                                                   By: /s/ Rachel Soffin
                                                   **MILBERG COLEMAN BRYSON**
                                                   **PHILLIPS GROSSMAN, PLLC**
                                                   Rachel Soffin*
                                                   800 S. Gay Street, Suite 1100
                                                   Knoxville, Tennessee 37929

Tel: 865-247-0080
rsoffin@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Russell Busch (6329500)
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
rbusch@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Nick Suciu III*
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Trenton R. Kashima*
401 West C St., Suite 1760
San Diego, CA 92101
Tel: (308) 870-7804
tkashima@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
J. Hunter Bryson*
Zoe T. Aaron
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
hbryson@milberg.com
zaaron@milberg.com

**BURSOR & FISHER, P.A.**
Joel Smith*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel.: (925) 300-4455
jsmith@bursor.com

*Pro Hac Vice
Attorneys for Plaintiff and the Proposed
Classes*

20