# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS BOLING, JOHN GORDON, and KARI PROSKIN on behalf of a class of all others similarly situated,<br><br>PLAINTIFFS,<br><br>- V. -<br><br>TZUMI INNOVATIONS, LLC,<br><br>DEFENDANT. | Case No. 1:22-cv-05919-JSR |

## UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs Iris Boling, John Gordon, and Kari Proskin (collectively, "Plaintiffs"), by and through the undersigned Counsel, and on behalf of themselves and the putative Class Members, submit this Unopposed Motion for Preliminary Approval of Settlement Agreement.

Plaintiffs and Defendant Tzumi Innovations, LLC. ("Defendant" or "Tzumi"), by counsel, have reached a proposed settlement (the "Settlement") in this class action. Plaintiffs request the Court enter an Order:

1. Preliminarily approving the Settlement;

2. Preliminarily certifying the Settlement Class;

3. Appointing proposed Class Counsel as Class Counsel and Plaintiffs as Class Representatives;

4. Approving the form and content of the Notices and Claim Forms attached as Exhibits A-C to the Settlement Agreement, which is attached to Exhibit 1 (Declaration of Rachel Soffin) of Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement as Exhibit 1.1;

5. Appoint Angeion Group as the Claims Administrator and authorize Angeion Group to provide Notice to the proposed class;

6. Finding that the proposed procedures for dissemination of the Notices and Claim Forms constitute the best notice practicable under the circumstances, and comply with due process and Fed. Rule Civ. P. 23;

7. Setting a date and time for the Final Approval Hearing, at which the Court will consider final approval of the Settlement, Class Certification, and Class Counsel's application for attorneys' fees and expenses and Class Representatives' application for service awards.

In support of this Motion, Plaintiffs submit herewith: (1) Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement ("Memorandum"); (2) the Declaration of Proposed Class Counsel, which is attached to the Memorandum as Exhibit 1; (3) the Settlement Agreement, which is being submitted as Exhibit 1.1 to the Declaration; and (4) a [Proposed] Order Granting Preliminary Approval Of Class Action Settlement Agreement, Certifying Settlement Class, Appointing Class Representative, Appointing Class Counsel, appointing Angeion Group and the Claims Administrator and authorizing it to provide Notice to the Class, and approving the Notice Plan.

For the reasons set forth more particularly in the accompanying Memorandum and supporting exhibits, Plaintiffs request that the Court grant this Motion.

DATED:        December 22, 2022             Respectfully submitted,

                                            By: /s/ Rachel Soffin
                                            Rachel Soffin*
                                            **MILBERG COLEMAN BRYSON**
                                            **PHILLIPS GROSSMAN, PLLC**
                                            First Tennessee Plaza
                                            800 S. Gay Street, Suite 1100
                                            Knoxville, Tennessee 37929
                                            Tel: 865-247-0080
                                            rsoffin@milberg.com

                                            **MILBERG COLEMAN BRYSON**
                                            **PHILLIPS GROSSMAN, PLLC**

Russell Busch (6329500)
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
rbusch@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Nick Suciu III*
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com


**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Trenton R. Kashima*
401 West C St., Suite 1760
San Diego, CA 92101
Tel: (308) 870-7804
tkashima@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
J. Hunter Bryson*
Zoe T. Aaron
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
hbryson@milberg.com
zaaron@milberg.com

**BURSOR & FISHER, P.A.**
Joel Smith*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel.: (925) 300-4455
jsmith@bursor.com

*Pro Hac Vice*

*Attorneys for Plaintiff and the Proposed
Classes*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

IRIS BOLING, JOHN GORDON, and KARI PROSKIN on behalf of a class of all others similarly situated,

PLAINTIFFS,

- V. -

TZUMI INNOVATIONS, LLC,

DEFENDANT.

Case No. 1:22-cv-05919-JSR

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN

The Plaintiffs in this action have filed an unopposed motion for preliminary approval of a Class Action Settlement Agreement ("Settlement Agreement"), conditional certification of the Class for settlement purposes, approval of the Plan for providing Notice to the Class, and approval of the proposed Settlement Administrator. The Court has reviewed and considered the Settlement Agreement and the accompanying exhibits.

IT IS HEREBY ORDERED as follows:

1.  <u>Defined Terms</u>. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2.  <u>Preliminary Approval of Settlement</u>: The Court preliminarily approves the Settlement Agreement, and its Settlement terms, as fair, reasonable, and adequate under Rule 23, subject to further consideration at the Final Approval Hearing described below. The Court also

preliminarily finds that the Settlement Agreement has been reached as a result of an arm's-length negotiations of disputed claims.

3.    Class Definition:  Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, solely for purposes of effectuating the Settlement Agreement, the following Settlement Class:

> All persons in the United States (including in its states, districts, territories, or tribal reservations) who purchased one or more Class Products before the date of the Preliminary Approval Order. Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, members, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

4.    Class Representatives and Class Counsel:  The Court preliminarily appoints the law firms of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") and Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.  The Court preliminarily appoints Iris Boling, John Gordon, and Kari Proskin as Class Representatives.

5.    Preliminary Class Certification for Settlement Purposes Only:   The Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

6.      In addition, the Court finds that preliminary certification of the Settlement Class is appropriate when balanced against the risks and delays of further litigation.

7.      <u>Class Notice</u>:  The Court approves the form and content of the proposed Long Form Notice and Summary Notice (Exhibits B and C to the Settlement Agreement) and Claim Form (Exhibit A to the Settlement Agreement). The Court further finds that the method of dissemination of the Settlement Class Notice, in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, satisfy Rule 23, due process, and constitutes the best notice practicable under the circumstances.  The Notice Plan set forth in the Settlement Agreement is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the class certification for settlement purposes only, the terms of the Settlement and benefits afforded, the Settlement Class Members' rights including the right to opt-out of or object to the Settlement and the deadlines and procedures for doing so, the deadline, procedures and requirements for submitting a Claim for Reimbursement pursuant to the Settlement, Class Counsel's application for Fees and Expenses and service awards for the named Plaintiff-Settlement Class representatives, the time, place and right to appear at the Final Fairness hearing, and other pertinent information about the Settlement and the Settlement Class Members' rights.  The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate.

8.      No later than the date specified in Paragraph 20 below, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Agreement.  The Parties shall coordinate with the Settlement Administrator to provide notice to the Class pursuant to the terms set forth therein.

9.      Administration:   The Court appoints Angeion Group as the Settlement Claim
Administrator ("Claim Administrator"). The Claim Administrator is directed to perform all
settlement administration duties set forth in, and pursuant to the terms and time periods of, the
Settlement Agreement, including mailing of the CAFA Notice, implementing and maintaining the
Settlement website, disseminating the Class Notice to the Settlement Class, the processing, review
and determination of timely submitted and proper Claims under the Settlement, and the submission
of any declarations and other materials to counsel and the Court, as well as any other duties
required under the Settlement Agreement.

10.      Exclusion from Class.  Any Class Member who wishes to be excluded from the
Class must send to the Settlement Administrator by U.S. Mail a personally signed letter, including
their (a) full name, (b) current address, (c) a clear statement communicating that they do not wish
to be a Class Member and want to be excluded from the Settlement, (d) their signature, and (e) the
case name and case number of the Action.  A Class Member can exclude only himself or herself
from the Class, and shall not be allowed to request that another individual or group be excluded.
"Mass" or "class" opt-outs are not permitted.  Any request for exclusion must be postmarked and
sent to the Settlement Administrator no later than the date specified in Paragraph 20 below (the
"Opt-Out Deadline").  The Settlement Administrator shall forward copies of any written requests
for exclusion to Plaintiffs' Counsel and Defense Counsel.

11.      If the proposed Settlement is finally approved, any potential Class Member who
has not submitted a timely written request for exclusion on or before the Opt-Out Deadline shall
be bound by all terms of the Agreement and the Final Order and Final Judgment, regardless of
whether they have filed a claim for monetary payment, even if the potential Class Member
previously initiated or subsequently initiates any litigation against any or all of the Released Parties

relating to Released Claims.  All persons or entities who properly exclude themselves from the Class shall not be Class Members and shall relinquish their rights or benefits under the Agreement, should it be approved, and may not file an objection to the Settlement or be entitled to any settlement benefits.

12.     <u>Objections</u>:  Any Class Member who has not filed a timely written request for exclusion may object to the fairness, adequacy, or reasonableness of the Settlement Agreement, the requested award of attorneys' fees and expenses, and/or Plaintiffs' service awards.

13.     Any Class Member who wishes to object to the Agreement must timely serve a written objection to the Settlement Administrator by the date specified in Paragraph 20 below. The objection must: (1) clearly state that it is an objection to the Class Settlement in *Boling v. Tzumi Innovations*, Case No. 1:22-cv-05919; (2) include the name and contact information for the objecting Settlement Class Member; (3) include documents sufficient to establish the person's standing as a Settlement Class Member (either verification under oath of the approximate date, purchase price, and location of each purchase of Class Products within the Settlement Class Period or a receipt reflecting such purchase with information showing the Class Products purchased, the price paid, the dates of purchase, and the store or stores from which the products were purchased): (4) explain the reason for the objection.

14.     Any objecting Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or Class representative service award.  To appear, the objecting Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the final fairness hearing by the date set forth in Paragraph 20, below.  The Notice of Intention

to Appear must include copies of any papers, exhibits or other evidence and the identity of witnesses that the objecting Class Member (or the objecting Class Member's counsel) intends to present to the Court in connection with the final fairness hearing. Any Class Member who does not provide a timely Notice of Intention to Appear in accordance with the deadline and other requirements set forth in this Settlement Agreement and Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

15.     Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order and Class Notice shall be deemed to have waived any objections to the Settlement Agreement and any adjudication or review of the Settlement Agreement by appeal or otherwise.

16.     <u>Preliminary Injunction</u>.  Pending Final Approval, all Class Members and/or their representatives are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individuals, class members, putative class members, or otherwise against the Released Parties (as defined in the Agreement) in any court or tribunal asserting any of the Released Claims (as defined in the Agreement), and/or from receiving any benefits from any lawsuit other than this one, administrative or regulatory proceeding, or order in any jurisdiction, arising out of, based on, or relating to the Released Claims.  In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendant (or against any of its related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf

of Class Members who do not timely exclude themselves from the Class, arising out of, based on, or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

17.  <u>Termination of Settlement</u>.  If the Court does not grant final approval to the Settlement, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

    a.  All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

    b.  The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified pursuant to this Agreement and such findings had never been made;

    c.  Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Defendant or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any action or proceeding, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

    d.   Nothing in this Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceedings in this case, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

    e.   Nothing in this Order or pertaining to the Settlement Agreement is, or may be construed as, a presumption, concession, or admission by or against Defendant that the Action meets the requisites for certification as a class action under federal or California law; and

    f.   All of the Court's prior Orders having nothing whatsoever to do with the Settlement Agreement shall, subject to this Order, remain in full force and effect.

18.    <u>Alteration of Exhibits</u>.  Plaintiffs' Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

19.    <u>Retaining Jurisdiction</u>.  This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

20.    <u>Settlement Deadlines</u>.  Based on the foregoing, the Court sets the schedule below for the Final Fairness Hearing and the actions which must precede it.  If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day.  These deadlines may be extended by order of the Court, for good cause shown,

without further notice to the Class. Settlement Class Members must check the Settlement website

regularly for updates and further details regarding this Settlement:

| Event | Deadline Pursuant To Settlement Agreement | Date Ordered By Court |
|---|---|---|
| Notice Date | 30 days after Preliminary Approval Granted | 5/19/2023 |
| Application for service awards and Attorneys' Fees and Expenses | 14 days after Notice Date | 6/2/2023 |
| Objection and Opt-Out Deadline | 45 days after Notice | 7/3/2023 |
| Claim Deadline | 60 days after Notice | 7/18/2023 |
| Final Approval Motion and response to any objections | 70 days after Notice Date | 7/28/2023 |
| Deadline to submit notices of appearance at the Final Approval Hearing | 70 days after Notice Date | 7/28/2023 |
| Claims Administrator submits declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | 90 days after Notice Date | 8/17/2023 |
| Final Approval Hearing | 100 days after Notice Date, or as soon thereafter as may be heard by the Court | 8/28/2023 at 4:00 PM |
| Award Issuance Date | Begins 14 days after Effective Date | TBD |

IT IS SO ORDERED, on  4/19/23
(date)

The Honorable Jed. S. Rakoff
United States District Judge