UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS BOLING, JOHN GORDON, and KARI PROSKIN on behalf of a class of all others similarly situated,<br><br>PLAINTIFFS,<br><br>- V. -<br><br>TZUMI INNOVATIONS, LLC,<br><br>DEFENDANT. | Case No. 1:22-cv-05919-JSR |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

The Court held a Final Approval Hearing on ___9/5/23___, at ___4:15___ p.m. Having considered the papers filed and matters submitted at the Final Approval Hearing, and finding good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of:

> All persons in the United States (including in its states, districts, territories, or tribal reservations) who purchased one or more Class Products before the date of the Preliminary Approval Order. Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, members, directors, agents, attorneys, and employees; (3) persons who properly executed and filed a timely request for exclusion from the class,

who are listed on the annexed Exhibit A; and (4) the legal representatives, successors, or assigns of any such excluded persons.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Plaintiffs Iris Boling, John Gordon, and Kari Proskin as Class Representatives for the Settlement Class; and finally appoints the law firms of Bursor & Fisher, P.A. and Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") as Class Counsel for the Settlement Class.

4. The Court finds that the publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, and the United States Constitution (including the Due Process Clause).

5. There have been no objections to the Settlement or any of its terms.

6. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) the named Plaintiffs and Class Counsel have adequately

represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed plan of allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

7.  The First Amended Class Action Complaint (the "FAC"), filed on October 12, 2022, is dismissed in its entirety, with prejudice, and without costs to any Party, except as may be provided in the Court's separate order on Plaintiffs' Motion for Attorneys' Fees and Costs, and for Plaintiffs' Service Awards.

8.  Upon the Effective Date, each Plaintiff and all Settlement Class Members who did not opt out shall be deemed to have fully and finally released all Released Parties, including the Defendant and any and all of its current, former, and future parents, predecessors, successors, affiliates, assigns, subsidiaries, divisions, licensors, licensees, associates, employers, agents, related corporate and business entities, heirs, estates, trustees, administrators, executors, insurers, attorneys, and customers, and all of their respective current, future, and former employees, officers, directors, managing directors, principals, shareholders, partners, members, assigns, agents, attorneys, accountants, financial and other advisors, underwriters, lenders, auditors, investment

advisors, legal representatives, companies, firms, trusts, and corporations, from any and all causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, attorneys' fees (except as provided for in the Class Settlement), and all other legal responsibilities in any form or nature, including but not limited to all claims relating to or arising out of state, local, territorial, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way related to the allegations in this action.

9. Notwithstanding paragraph 8 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. Each Settlement Class Member who did not opt out, whether or not such Settlement Class Member executed and delivered a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. With respect to the released claims, the Settlement Agreement and this Final Approval Order is binding on, and shall have *res judicata* and preclusive effect, in all pending and future lawsuits or other proceedings maintained by or on behalf of the Class Representatives or Settlement Class Members who did not opt out. All Settlement Class Members who did not opt out are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

11. If the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

12. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

13. The Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

14. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. Such order shall not affect this Judgment and shall be considered separate from this Judgment. Such order shall not affect the finality of this Judgment or the Effective Date of the Settlement.

15. Without affecting the finality of the Settlement Approval Order and Final Judgment for purposes of appeal, this Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement Approval Order and Final Judgment, and for any other necessary purpose.

DATED _____9/5_____, 2023

BY THE COURT:

_____
Honorable Jed S. Rakoff
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

| Name | City | State |
|---|---|---|
| Ali Ratzel | Jefferson City | Missouri |