UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS BOLING, JOHN GORDON, and KARI PROSKIN on behalf of a class of all others similarly situated,<br><br>        PLAINTIFFS,<br><br>- v. -<br><br>TZUMI INNOVATIONS, LLC,<br><br>        DEFENDANT. | Case No. 1:22-cv-05919-JSR<br><br>**NOTICE OF MOTION AND JOINT MOTION FOR *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS**<br><br>Date: To be set by Court.<br>Time: To be set by Court.<br>Courtroom: 14-B<br>Judge: Hon Jed S. Rakoff |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Iris Boling, John Gordon, and Kari Proskin, and Settlement Class Members, and Defendant, Tzumi Innovations LLC, shall jointly apply before the Honorable Jed S. Rakoff, U.S.D.J., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, on a date and time set by the Court, pursuant to the Order Granting Final Approval of the Settlement Agreement (ECF No. 36) and terms of the Settlement Agreement (ECF. No. 27-2, at §2.2.6.2 and §2.3), for approval of a *cy pres* distribution of $13,535.68 in residual settlement funds, split equally between The School for Children with Hidden Intelligence (SCHI) and Care for Special Children, for a distribution of $6,767.84 to each organization.

This motion is based on the Notice of Motion and Motion, the incorporated Memorandum of Law, the attached Declaration of Jonathan Shaffer of Angeion Group, the pleadings and

i

evidence on file in this matter, and any other materials or argument presented in connection with the Motion.

Dated: June 24, 2024

By: /s/ Jeffrey J. Greenbaum
Jeffrey J. Greenbaum, Esq.
**SILLS CUMMIS & GROSS P.C.**
William R. Tellado, Esq.
Katherine M. Lieb, Esq.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000
*Attorneys for Defendant Tzumi Innovations, LLC*

Respectfully submitted,

By: /s/ Rachel Soffin
Rachel Soffin*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel: 865-247-0080
rsoffin@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Russell Busch (6329500)
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
rbusch@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Nick Suciu III*
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

**SMITH KRIVOSHEY, P.C.**
Joel Smith*
867 Boylston Street, Fifth Floor, #1520
Boston, MA 02116
Tel.: (617) 377-7404
joel@skclassactions.com

* *Pro Hac Vice*

*Attorneys for Plaintiff and the Proposed Classes*

ii

                                        **SILLS CUMMIS & GROSS P.C.**
                                        Jeffrey J. Greenbaum, Esq.
                                        William R. Tellado, Esq.
                                        Katherine M. Lieb, Esq.
                                        101 Park Avenue, 28th Floor
                                        New York, New York 10178
                                        (212) 643-7000
                                        *Attorneys for Defendant Tzumi*
                                        *Innovations, LLC*

**I.     INTRODUCTION**

On behalf of themselves and the Settlement Class, Plaintiffs Iris Boling, John Gordon, and Kari Proskin (collectively, "Plaintiffs") and Defendant, Tzumi Innovations LLC, hereby jointly move for distribution of the $13,535.68 in residual settlement funds, split equally between the parties' proposed *cy pres* recipients, The School for Children with Hidden Intelligence (SCHI) and Care for Special Children, which are organizations focused on supporting physically and economically disadvantaged children.

As detailed below, this action involves the distribution of disinfectant wipes, which Plaintiffs alleged were unlawfully sold during the COVID pandemic. As a result of the pandemic and closure of most schools, learning has been hampered for many students, and in particular by physically and economically disadvantaged children, who are having the most challenging time catching up. Accordingly, the parties recommend that the cy pres recipients include the two proposed organizations that support disadvantaged children listed herein.

For the reasons discussed herein, the Parties respectfully request that this Honorable Court grant this motion and permit the parties to distribute the remaining *cy pres* funds of $13,535.68, with one-half of this amount going to each of the proposed recipients.

**II.    RELEVANT FACTS**

This putative class action involves three antimicrobial products that were sold at large retailers such as Home Depot and Dollar General: Wipe Out! Wipes, Wipe Out! Multi-Surface Wipes, and Wipe Out! Multi-Surface Decontaminant Spray. The gravamen of the allegations was that these products were marketed as being suitable for use as surface disinfectants, but they lacked the required registration under the Federal Insecticide, Fungicide, and Rodenticide Act, which

1

regulates antimicrobial agents intended for use on inanimate surfaces as pesticides, and were thus illegal to sell. *See* Plaintiffs' First Amended Complaint (ECF No. 18) ("FAC").

Following motion practice and discovery, the parties entered into a Settlement Agreement, which provided a common fund of $2 million to pay for cash claims of class members, notice and settlement administration, attorneys' fees and costs, and service awards. The Products at issue here typically cost about $1.00–$5.00 each. The Settlement Agreement allowed Class Members to recover up to $15.00 per household with proof of purchase, and up to $6.00 per household without proof of purchase, subject to a pro rata adjustment (up or down) if the number of valid claims exceeded or did not meet the available funds. If any funds remained after payment to class members, including from uncashed checks, the parties agreed to seek the Court's approval to distribute the residual funds to one or more charities, to be selected later if the need arose.

On April 19, 2023, this Court entered an Order granting preliminary approval of the Class Action Settlement (ECF No. 29). Following this Court's grant of preliminary approval, the claims administrator Angeion Group provided notice to Settlement Class Members. Following notice, on September 5, 2023, the Court granted Final Approval of the Class Action Settlement (ECF No. 36).

As shown in the attached declaration from Jonathan Shaffer of Angeion Group, following distribution of the settlement payments, service awards to the class representatives, payment of attorneys' fees and costs, and costs of administration that have been paid, there remains $13,535.68 in unclaimed funds. *See* Exhibit A, Declaration of Jonathan Shaffer Regarding Distribution to Class, ¶9. These funds are now appropriate for *cy pres* distribution.

2

**III.     LEGAL STANDARD**

"In the class action context, it may be appropriate for a court to use cy pres principles to distribute unclaimed funds. In such a case, the unclaimed funds should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *In re Holocaust Victim Assets Litig.*, 424 F.3d 158, 161 (2d Cir. 2005). *See Johnson v. Rausch, Sturm, Israel, Enerson & Hornick, LLP*, 333 F.R.D. 314, 322 (S.D.N.Y. 2019) (Rakoff, J.), citing *Reyes v. Buddha-Bar NYC*, No. 08-cv-2494 (DF), 2010 WL 2545859, at *1 (S.D.N.Y. June 18, 2010) ("Under the cy pres doctrine, the best application of unused settlement funds is to donate them to an organization whose purpose is closely related to the purpose of the lawsuit."); *see also Hyland v. Navient Corp.*, 48 F.4th 110, 121 (2d Cir. 2022) (Distributions pursuant to *cy pres* principles is well-established so long as class members benefit, even if indirectly, from the distribution.).

Moreover, as is the case here, *cy pres* recipients may be identified after settlement approval and a determination that there are funds remaining for *cy pres* distribution. *In re Petrobas Secs. Litig.*, 2018 WL 4521211, at *5 (S.D.N.Y. Sept. 21, 2018) (Rakoff, J.).

**IV.     ARGUMENT**

Here, the Parties propose The School for Children with Hidden Intelligence (SCHI) and Care for Special Children as *cy pres* recipients.

<u>The School for Children with Hidden Intelligence (SCHI)</u> was "founded to ensure that every child was provided with the tools and support they needed to discovery their true potential" and is a "world-renowned, cutting-edge therapeutic and educational center dedicated to fulfilling that mission." https://www.schischool.org/about (accessed June 24, 2024). SCHI has helped over 700 severely-developmentally delayed, medically fragile, and socially-emotionally challenged

3

children & young adults with what they need to let their talents flourish" and is fully staffed with certified professionals who provide "education and therapeutic services to children with disabilities such as autism, Down syndrome, ADHD, muscular dystrophy, Spina bifida, and cerebral palsy, among others." *Id.*

Care for Special Children provides advocacy and assistance for children with special needs, including assistance with care plans for children and their families, such as obtaining benefits and resources, such as homecare, nursing and therapy, schooling, and support groups. https://careforspecial.org.

Both of these organizations, while providing the most noble of services (caring for children with special needs) also serve a purpose "near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *In re Holocaust Victim Assets Litig.*, 424 F.3d at 161. This action involves the distribution of disinfectant wipes, which Plaintiffs alleged were unlawfully sold and marketed as a lawful product during and due to the COVID pandemic, the latter of which resulted in school closures and hampered progress for many students, particularly disabled and disadvantaged students. During the height of the COVID-19 pandemic, schools were shut down and parents, caregivers and children were heavily impacted by these closures. *See e.g.* Melissa R. Dvorsky et al., Impacts of COVID-19 on the School Experience of Children and Adolescents with Special Educational Needs and Disabilities, Current Opinion in Psychology, June 17, 2023 (discussing substantial evidence that COVID-19 had a remarkably profound effect on children with special needs and disabilities).[1] "There is substantial

---

[1] *Available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC10275652/#:~:text=Students%20with%20SENDs%20rely%20on,11%2C12%2C14%5D (Last accessed July 24, 2024)

4

evidence COVID-19 had a particularly profound effect on youth with special educational needs and dis/abilities." *Id.*

Accordingly, Plaintiffs and the Settlement Class, along with Defendant, respectfully request that the Court approve the distribution of $13,535.68, split equally between the two *cy pres* recipients, The School for Children with Hidden Intelligence (SCHI) and Care for Special Children, with each to receive $6,767.84.

DATED:     June 24, 2024                                                      Respectfully submitted,

| | |
|---|---|
| By: /s/ Jeffrey J. Greenbaum<br>Jeffrey J. Greenbaum, Esq.<br>**SILLS CUMMIS & GROSS P.C.**<br>William R. Tellado, Esq.<br>Katherine M. Lieb, Esq.<br>101 Park Avenue, 28th Floor<br>New York, New York 10178<br>(212) 643-7000<br>*Attorneys for Defendant Tzumi Innovations, LLC* | By: /s/ Rachel Soffin<br>Rachel Soffin*<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>First Tennessee Plaza<br>800 S. Gay Street, Suite 1100<br>Knoxville, Tennessee 37929<br>Tel: 865-247-0080<br>rsoffin@milberg.com<br><br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>Russell Busch (6329500)<br>405 E 50th Street<br>New York, NY 10022<br>Tel: (630) 796-0903<br>rbusch@milberg.com<br><br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>Nick Suciu III*<br>6905 Telegraph Road, Suite 115<br>Bloomfield Hills, MI 48301<br>Tel: (313) 303-3472<br>nsuciu@milberg.com<br><br>**SMITH KRIVOSHEY, P.C.**<br>Joel Smith*<br>867 Boylston Street, Fifth Floor, #1520 |

Boston, MA 02116
Tel.: (617) 377-7404
joel@skclassactions.com

*\* Pro Hac Vice*
*Attorneys for Plaintiff and the Proposed Classes*