UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS BOLING, JOHN GORDON, and KARI PROSKIN on behalf of a class of all others similarly situated,<br><br>PLAINTIFFS,<br><br>- v. -<br><br>TZUMI INNOVATIONS, LLC,<br><br>DEFENDANT. | Case No. 1:22-cv-05919-JSR<br><br>**NOTICE OF MOTION AND AMENDED JOINT MOTION FOR *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS**<br><br>Date: To be set by Court.<br>Time: To be set by Court.<br>Courtroom: 14-B<br>Judge: Hon Jed S. Rakoff |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Iris Boling, John Gordon, Kari Proskin, Settlement Class Members, and Defendant, Tzumi Innovations LLC, shall jointly apply before the Honorable Jed S. Rakoff, U.S.D.J., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, on a date and time set by the Court, pursuant to the Order Granting Final Approval of the Settlement Agreement (ECF No. 36), the terms of the Settlement Agreement (ECF. No. 27-2, at §2.2.6.2 and §2.3), and the Court's July 2, 2024 Order, for approval of a *cy pres* distribution of $13,535.68 in residual settlement funds to the Environmental Working Group ("EWG").

This motion is based on the Notice of Motion and Motion, the incorporated Memorandum of Law, the attached Declaration of Jonathan Shaffer of Angeion Group, the pleadings and evidence on file in this matter, and any other materials or argument presented in connection with the Motion.

1

Dated: July 16, 2024                                              Respectfully submitted,

By: /s/ Jeffrey J. Greenbaum                          By: /s/ Rachel Soffin
Jeffrey J. Greenbaum, Esq.                              Rachel Soffin*
**SILLS CUMMIS & GROSS P.C.**                  **MILBERG COLEMAN BRYSON**
William R. Tellado, Esq.                                   **PHILLIPS GROSSMAN, PLLC**
Katherine M. Lieb, Esq.                                    First Tennessee Plaza
101 Park Avenue, 28th Floor                            800 S. Gay Street, Suite 1100
New York, New York 10178                            Knoxville, Tennessee 37929
(212) 643-7000                                                  Tel: 865-247-0080
*Attorneys for Defendant Tzumi*                      rsoffin@milberg.com
*Innovations, LLC*

**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
Russell Busch (6329500)
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
rbusch@milberg.com

**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
Nick Suciu III*
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Andrew J. Obergfell
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
Tel: 646-837-7150
jmarchese@bursor.com
aobergfell@bursor.com

*Attorneys for Plaintiff and the Proposed Classes*

*\*Admitted pro hac vice*

**I.     INTRODUCTION**

On behalf of themselves and the Settlement Class, Plaintiffs Iris Boling, John Gordon, and Kari Proskin (collectively, "Plaintiffs") and Defendant, Tzumi Innovations LLC ("Defendant") (collectively, the "Parties"), hereby jointly move for distribution of the $13,535.68 in residual settlement funds to the Environmental Working Group ("EWG"), an advocacy and consumer education nonprofit that focuses on regulatory oversight and safety of consumer products, including cleaning agents, located in Washington D.C.

As detailed below, this action involves the distribution of disinfectant wipes, which Plaintiffs alleged were unlawfully sold during the COVID pandemic without the requisite approval from the United States Environmental Protection Agency ("EPA"). As shown in the attached declaration from the EWG's Chief Operating Officer and General Counsel, Caroline Leary, the EWG engages with the EPA, along with other regulatory agencies, to advocate for laws and regulations regarding ingredient transparency, safe product formulations and stricter regulations on potentially harmful chemicals, including those in cleaning products, to protect human health and the environment. See Exhibit A, EWG Declaration, at ¶¶ 5-6, 8.  As detailed herein, EWG's work with regulatory oversight, including with cleaning agents, is closely related to the issues forming the basis of this action.

 For the reasons discussed herein, the Parties respectfully request that this Honorable Court grant this motion and permit the parties to distribute the remaining *cy pres* funds of $13,535.68 to the EWG.

**II.     RELEVANT FACTS**

This class action involves three antimicrobial products that were sold at large retailers such as Home Depot and Dollar General: Wipe Out! Wipes, Wipe Out! Multi-Surface Wipes, and Wipe

3

Out! Multi-Surface Decontaminant Spray ("Products"). Plaintiff, on behalf of himself and the Class, alleged that "Defendant engaged in unfair and/or deceptive business practices by deceiving consumers into believing that its Products were approved pesticide products that had been found by the EPA to be safe and effective without submitting them to the EPA for registration." (ECF No. 18, at ¶2) ("FAC"). "Without submitting the Product for registration, a mandatory process that allows the EPA to assess the safety and effectiveness of the products, Defendant sold pesticide products without regulatory approval." *Id.*

Following motion practice and discovery, the parties entered into a Settlement Agreement, which provided a common fund of $2 million to pay for cash claims of class members, notice and settlement administration, attorneys' fees and costs, and service awards. The Products at issue here typically cost about $1.00–$5.00 each. The Settlement Agreement allowed Class Members to recover up to $15.00 per household with proof of purchase, and up to $6.00 per household without proof of purchase, subject to a pro rata adjustment (up or down) if the number of valid claims exceeded or did not meet the available funds. If any funds remained after payment to class members, including from uncashed checks, the parties agreed to seek the Court's approval to distribute the residual funds to one or more charities, to be selected later if the need arose.

On April 19, 2023, this Court entered an Order granting preliminary approval of the Class Action Settlement (ECF No. 29). Following this Court's grant of preliminary approval, the claims administrator, Angeion Group, provided notice to Settlement Class Members. Following notice, on September 5, 2023, the Court granted Final Approval of the Class Action Settlement (ECF No. 36).

As shown in the attached declaration from Jonathan Shaffer of Angeion Group, following distribution of the settlement payments, service awards to the class representatives, payment of

attorneys' fees and costs, and costs of administration, there remains $13,535.68 in unclaimed funds. *See* Exhibit B, Declaration of Jonathan Shaffer Regarding Distribution to Class, ¶ 9. These funds are now appropriate for *cy pres* distribution.

On June 24, 2024, the Parties jointly submitted a motion to approve *cy pres* distribution of these unclaimed funds. On July 2, 2024, the Court held a hearing and denied the Parties' *cy pres* proposals, ordering the Parties to jointly identify one or more charities to propose for approval of *cy pres* distributions. The Parties now propose the EWG as the *cy pres* recipient of the $13,535.68 in unclaimed funds for the reasons discussed herein.

### III.  LEGAL STANDARD

"In the class action context, it may be appropriate for a court to use *cy pres* principles to distribute unclaimed funds. In such a case, the unclaimed funds should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *In re Holocaust Victim Assets Litig.*, 424 F.3d 158, 161 (2d Cir. 2005); *see also Johnson v. Rausch, Sturm, Israel, Enerson & Hornick, LLP*, 333 F.R.D. 314, 322 (S.D.N.Y. 2019) (Rakoff, J.), citing *Reyes v. Buddha-Bar NYC*, 2010 WL 2545859, at *1 (S.D.N.Y. June 18, 2010) ("Under the *cy pres* doctrine, the best application of unused settlement funds is to donate them to an organization whose purpose is closely related to the purpose of the lawsuit."); *see also Hyland v. Navient Corp.*, 48 F.4th 110, 121 (2d Cir. 2022) (Distributions pursuant to *cy pres* principles is well-established so long as class members benefit, even if indirectly, from the distribution.). C*y pres* recipients may be identified after settlement approval and a determination that there are funds remaining for *cy pres* distribution. *In re Petrobas Secs. Litig.*, 2018 WL 4521211, at *5 (S.D.N.Y. Sept. 21, 2018) (Rakoff, J.).

IV.   ARGUMENT

Here, the Parties propose the EWG as the *cy pre* recipient for the residual funds of $13,535.68. As detailed above, this action involves allegations that Defendant engaged in unfair and/or deceptive business practices by deceiving consumers into believing that its Products had been found safe and effective by the EPA, but without submitting the Products for mandatory EPA registration. (ECF No. 18, at ¶ 2). As shown in the attached declaration from the EWG's Chief Operating Officer and General Counsel, Caroline Leary, the EWG engages with the EPA, along with other federal regulatory agencies, to advocate for laws and regulations regarding ingredient transparency, safe product formulations and stricter regulations on potentially harmful chemicals, including those in cleaning products, to protect human health and the environment. See Exhibit A, EWG Declaration, at ¶¶ 5-6, 8. EWG scientists also work closely with cleaning products to provide consumers with more information about the products they are buying, including potential toxicity and environmental harms. *Id.* at ¶ 8. EWG's work with regulatory oversight, including with cleaning agents, is closely related to the issues subject to this action and serves a purpose as "near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *In re Holocaust Victim Assets Litig.*, 424 F.3d at 161.

Notably, EWG was previously approved as a *cy pres* recipient in 2017 in the amount of $150,000 in *Morales v. Conopco Inc. d/b/a Unilever*, No. 2:13-cv-02213-WBS-EFB, which was litigated before U.S. District Judge William Shubb in the U.S. District Court for the Eastern District of California. In that case, Plaintiffs alleged that Defendant engaged in deceptive conduct relating to its TRESemme Naturals line of shampoos and conditioners, the labels of which were designed to suggest the products contained only natural ingredients when they allegedly did not.

6

Exhibit A, EWG Declaration, at ¶¶ 12.  Here, just like the court in *Morales*, this Court should find that the EWG is an appropriate *cy pres* recipient.

As shown in the EWG Declaration, if approved by the Court, EWG intends to use the *cy pres* distribution to support its mission of disclosing information about ingredients in consumer products, to improve chemical safety policy across federal regulatory agencies and state legislatures, to pressure industry participants to make improvements, and to empower consumers with the information to protect themselves and their families. *Id.* at ¶ 13. "These EWG initiatives will inform consumers of the ingredients found in consumer products, pressure companies to make additional disclosures of the ingredients in consumer products, and inform legislative and regulatory action to hold industry accountable to consumer health." *Id.*

Accordingly, Plaintiffs and the Settlement Class, along with Defendant, respectfully request that the Court approve the distribution of $13,535.68 to the EWG.

DATED:     July 16, 2024                                     Respectfully submitted,

By: /s/ Jeffrey J. Greenbaum                     By: /s/ Rachel Soffin
Jeffrey J. Greenbaum, Esq.                        Rachel Soffin*
**SILLS CUMMIS & GROSS P.C.**            **MILBERG COLEMAN BRYSON**
William R. Tellado, Esq.                              **PHILLIPS GROSSMAN, PLLC**
Katherine M. Lieb, Esq.                               First Tennessee Plaza
101 Park Avenue, 28th Floor                       800 S. Gay Street, Suite 1100
New York, New York 10178                       Knoxville, Tennessee 37929
(212) 643-7000                                              Tel: 865-247-0080
*Attorneys for Defendant Tzumi*                rsoffin@milberg.com
*Innovations, LLC*

                                                                      **MILBERG COLEMAN BRYSON**
                                                                      **PHILLIPS GROSSMAN, PLLC**
                                                                      Russell Busch (6329500)
                                                                      405 E 50th Street
                                                                      New York, NY 10022
                                                                      Tel: (630) 796-0903
                                                                      rbusch@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Nick Suciu III*
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Andrew J. Obergfell
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
Tel: 646-837-7150
jmarchese@bursor.com
aobergfell@bursor.com

*Attorneys for Plaintiff and the Proposed Classes*

**Admitted pro hac vice*